UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE A. SMITH,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C17-05029BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

# I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 52 at application date

Principal Disabilities Alleged by Plaintiff: Back pain, mental impairments

Disability Allegedly Began: July 30, 2013

Principal Previous Work Experience: Prep cook, cashier

Education Level Achieved by Plaintiff: High school graduate

# II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Gordon W. Griggs:

    Date of Hearing: December 15, 2015; hearing transcript AR 50-86

    Date of Decision: December 31, 2015

    Appears in Record at: AR 22-36

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since July 30, 2013, the alleged onset date. The claimant has the following severe impairments: lumbar degenerative disc disease, status post-lumbar laminectomy and fusion surgery; right knee degenerative joint disease with history of ACL repair; anxiety disorder not otherwise specified; major depressive disorder; and opioid dependence and abuse. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform light work except she can never climb ladders, ropes, and scaffolds. She can occasionally stoop and crouch. She can frequently climb ramps and stairs. She can frequently balance, kneel, and crawl. She is limited to occasional exposure to extreme cold, vibration, and pulmonary irritants such as dust fumes, odors, gases, and poor ventilation. She is limited to occasional exposure to hazardous conditions such as proximity to unprotected heights and moving machinery. She is limited to occasional and superficial public interaction.
>
> The claimant is unable to perform any past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2013, through the date of the decision.

Before Appeals Council:

    Date of Decision: December 15, 2016

    Appears in Record at: AR 1-6

    Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

# V. EVALUATING DISABILITY

The claimant, Julie A. Smith ("Smith"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUE ON APPEAL

Did the ALJ err in evaluating the medical evidence in the record?

# VII. DISCUSSION

Smith appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed an error requiring reversal. Dkt. 7.

A.      **Medical Evidence**

Smith argues that the ALJ erred in evaluating the opinion of examining psychologist John Neer, Psy.D. *See* Dkt. 7 at 2-5. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When an examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

In March 2014, Dr. Neer examined Smith and diagnosed her with generalized anxiety disorder. *See* AR 448-51. Dr. Neer stated that, among other limitations, Smith's impairments would likely limit her abilities to maintain regular attendance, to complete a normal workday or workweek, or to deal with the usual stress encountered in the workplace. *See* AR 451. The ALJ gave Dr. Neer's opinion some weight, discounting the social limitations because, among other reasons, they were not supported by the objective evidence. *See* AR 33.

An ALJ need not accept a physician's opinion if it is inadequately supported by objective clinical findings. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190,

1195 (9th Cir. 2004); *see also Thomas*, 278 F.3d at 957; 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion … the more weight we will give that opinion."). Here, Dr. Neer performed a mental status examination ("MSE") that provided no objective support for the social limitations to which he ultimately opined. *See* AR 449-50. Smith notes that the MSE contained several abnormal findings, pointing to her inability to complete tests of serial subtraction and identifying similarities and differences. *See* Dkt. 7 at 4. However, these abnormal intellectual functioning test results are not relevant to Dr. Neer's conclusion that Smith has deficiencies in social functioning, for which Dr. Neer provided no objective evidence in support. *See* AR 448-51.

Smith also argues that the Court should not favor an ALJ discounting a psychologist's opinion for lack of objective support because mental illnesses are not as easily verified by objective testing as most physical illnesses and because diagnoses may be based on the clinical observations of mental health professionals. *See* Dkt. 7 at 4-5. However, there is no indication that the ALJ required objective testing beyond Dr. Neer's clinical observations in the MSE. *See* AR 33. Dr. Neer's clinical observations did not indicate any social impairment. *See* AR 449-50 (finding appropriate appearance and hygiene, polite and cooperative behavior, normal stream of mental activity and speech, and no evidence of paranoia or psychosis). The only references to social functioning impairments in the evaluation were self-reported by Smith. *See* AR 448-51; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (finding that if a physician's opinion is based to a large extent on a claimant's self-reports and not on clinical

evidence, the ALJ may discount the physician's opinion).  Because Dr. Neer's evaluation provided no objective support for his ultimate opinion, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount the opinion.

**B.      The ALJ's RFC and Finding at Step Five**

Smith argues that the ALJ's RFC and finding at step five that Smith could perform other work were not supported by substantial evidence due to the error alleged above. *See* Dkt. 7 at 5.  However, the Court found no error by the ALJ in evaluating the medical evidence.  *See supra* § VII.A.  Therefore, the RFC and resulting step-five finding are supported by substantial evidence and are not in error.

## VIII.  ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 9th day of day of August, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge